# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0087, <u>State of New Hampshire v. Jason Vincent</u>, the court on February 16, 2017, issued the following order:**

Having considered the defendant's brief, the State's memorandum of law, and the State's brief memorandum filed in response to our December 27, 2016 order, we conclude that a formal written opinion is not necessary in this case. The defendant appeals the order of the Superior Court (<u>Abramson</u>, J.) denying his release from the New Hampshire State Prison to a halfway house prior to his eligibility for parole. <u>See</u> RSA 651:25, I (2016). We dismiss the appeal as moot.

According to the State's brief memorandum, this appeal is moot. In its memorandum of law filed on August 1, 2016, the State asserted that the defendant would become eligible for parole on November 21, 2016. Consequently, on December 27, 2016, the parties were ordered to file brief memoranda concerning the defendant's current incarceration status. In response, the State represented that the defendant has been paroled. The defendant's copy of the December 27, 2016 order that was sent to the New Hampshire State Prison was returned as undeliverable, with the notation "paroled."

On January 13, 2017, a single justice of this court ordered the defendant to file a brief memorandum on or before February 2, 2017, concerning his current incarceration status and addressing the State's assertion that this appeal is moot. The clerk's office sent copies of the December 27, 2016, and January 13, 2017 orders to the defendant, in care of his parole officer, at the address listed on page 2 of the State's brief memorandum.

The defendant has not filed a brief memorandum in response to the January 13, 2017 order. Thus, based upon the State's uncontested representation that the defendant has been paroled, we dismiss this appeal as moot. <u>See</u> <u>Londonderry Sch. Dist. v. State</u>, 157 N.H. 734, 736 (2008) (explaining that "a matter is moot if it no longer presents a justiciable controversy because issues involved have become academic or dead").

<u>Appeal dismissed</u>.

DALIANIS, C.J., and HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,
Clerk**